NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2744
_____

UNITED STATES OF AMERICA,

v.

ANTOINE RANDALL WAITERS,
                                            Appellant
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 06-cr-00014-001)
District Judge: Honorable James Knoll Gardner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 06, 2011

BEFORE: McKEE, Chief Judge, FUENTES, and GREENBERG, Circuit Judges

(Opinion Filed: October 25, 2011)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

    Antoine Randall Waiters ("Waiters") appeals from his conviction and

sentence of 78 months' imprisonment, arguing that: (1) the District Court

erroneously rejected his motion to withdraw his guilty plea; (2) the enforcement of

the appellate waiver would work a miscarriage of justice; (3) the District Court committed procedural error, pursuant to the U.S.S.G. § 3E1.1, in failing to adjust his applicable offense level downward; and (4) his request for a sentencing variance was improperly denied. For the reasons expressed below, we will affirm the District Court's Order and sentence.[1]

I.

Because we write primarily for the benefit of the parties, we set forth only the facts and history that are relevant to our conclusion. In January 2006, the grand jury returned an indictment charging Waiters with one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and one count of possession with intent to distribute five grams or more of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860.

Waiters began cooperating with the Government by participating in a series of proffer sessions. The Government, then, offered Waiters a plea agreement wherein he would plead guilty to both counts of the indictment and serve as a cooperating witness. In August 2007, Waiters pleaded guilty to the indictment subject to the written plea agreement, which specifically provided that:

> In exchange for the undertakings made by the government in entering his plea agreement, the defendant voluntarily waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether

---

[1]We have jurisdiction to recognize this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

Appellee's App. at 9. Waiters reserved his right to file a direct appeal in only four limited circumstances, including: (1) if the Government appealed his sentence; (2) if his sentence exceeded the statutory maximum for the offense; (3) if the sentencing judge imposed an erroneously upward departure; or (4) if the imposed sentence was unreasonably higher than the Sentencing Guideline range. *Id*. at 9-10.

During a thorough plea colloquy, the District Court and counsel for the Government read pertinent parts of the plea agreement, including the entire waiver provision. Waiters acknowledged, under oath, that he read the plea agreement, discussed it with his counsel, and that he had not been threatened or coerced into signing it. The District Court, satisfied that it had been knowingly and voluntarily made, accepted Waiters's guilty plea. Relying on the presentence report, the District Court ultimately determined that Waiters should be assigned an offense level of 28 and a criminal history category of I. This range yielded an advisory sentence of 78 to 97 months. The District Court sentenced Waiters to, *inter alia*, 78 months' imprisonment.

Waiters, then, stopped reporting to Pretrial Services and did not appear at his sentencing hearing scheduled on February 3, 2009. After a fifth and final proffer session, Waiters's cooperation efforts ultimately failed because the

3

Government determined that he was not providing truthful and accurate information regarding his recent criminal activities. As result, the Government declined to make a 5K1.1 motion on his behalf and refused to recommend a downward departure for acceptance of responsibility.

On July 27, 2009, approximately two years after Waiters accepted the plea agreement and less than a month after he was charged with new drug crimes in a separate six-count indictment, he filed a motion to withdraw his guilty plea. After hearing oral arguments and conducting sentencing hearings over three days, the District Court denied the motion and sentenced Waiters to 78 months' imprisonment.

This notice of appeal followed.

## II.

An enforceable appellate waiver would preclude our exercise of jurisdiction over the instant appeal; therefore, we first address the appellate waiver provision in Waiters's plea agreement. We exercise plenary review in determining whether Waiters's arguments on appeal are within the scope of the appellate waiver. *United States v. Goodson*, 544 F.3d 529, 537 n.6 (3d Cir. 2008).

> To determine if Waiters's appellate waiver bars this appeal, we consider:
>
> 1) 'whether a defendant's waiver of the right to appeal [his] sentence was knowing and voluntary;' (2) 'whether one of the specific exceptions set forth in the [plea] agreement prevents the enforcement of the waiver;' . . . ; and (3) 'whether enforcing the waiver would work a miscarriage of justice.'

*Id.* at 536 (quoting *United States v. Jackson*, 523 F.3d 234, 243 (3d Cir. 2008)).

4

A.  Withdrawal of Plea

We have held that a waiver of appeal, when entered into knowingly and voluntarily, is valid, unless a miscarriage of justice would result. *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).  Waiters first disputes that he entered into his plea agreement knowingly and voluntarily.  He alleges that his attorney promised that he would "cash his own ticket" and serve no jail time if he accepted the plea agreement.  He now argues, through new counsel, that he is innocent of both counts of the indictment and that he mistakenly entered the plea agreement relying on his attorney's recommendation.

We find that this argument lacks merit.  Waiters acknowledged, during the plea colloquy, that his plea agreement contained "no additional promises, agreements or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties." Appellee's App. at 11.  A review of the record reveals that the judge's colloquy was comprehensive and satisfied the requirements of Rule 11(b)(1) of the Federal Rules of Criminal Procedure.  Waiters's consent to the agreement reflects a voluntary and knowing waiver of his rights.  His assertion of innocence is not credible and he has not persuasively explained why he took a contrary position under oath at the plea colloquy.  Because we find the District Court provided a firm basis on which to

uphold Waiters's acceptance of the plea agreement as knowing and voluntary, we will affirm the Order denying his motion to withdraw his plea.

B. Miscarriage of Justice

Waiters insists that enforcing the appellate waiver would work a miscarriage of justice. To this end, he claims that defense counsel was ineffective for failing to file certain pretrial motions and for representing that Waiters would serve no jail time if he accepted the plea agreement. Though in unusual circumstances an error amounting to a miscarriage of justice may invalidate an appellate waiver, the facts of this case do not present such a situation. Courts have routinely deferred the issue of effectiveness of trial counsel to a collateral attack. *See United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998). In accordance, we will deny Waiters's claim of ineffective assistance of counsel without prejudice.[2] Nevertheless, we conclude that enforcement of Waiters's appellate waiver would not result in a miscarriage of justice.

C. Variance Request

We next consider whether the District Court abused its discretion by not stating its reasons for rejecting Waiters's request for a sentencing variance.

---

[2] We note the Government in its brief stated that "it is apparent that the assertions of ineffectiveness would also fail as stand-alone ineffective assistance of counsel claims." Appellee's Br. at 42 n.5. The record, however, is not sufficient to allow determination of the issue. Therefore, Waiters's claim is dismissed without prejudice to his right to raise the ineffective assistance of counsel claim in a collateral proceeding.

Waiters received a sentence at the very bottom of the applicable sentencing guideline range. Notwithstanding, he contends that the District Court should have considered the policy objections to the crack-cocaine disparity in the U.S. Sentencing Guidelines.[3] Such a consideration falls within the discretion of the presiding judge. We believe the District Court properly addressed the circumstances of the offense and considered Waiters's policy arguments. Accordingly, we find that the District Court did not abuse its discretion when it imposed a within-guideline sentence.

D. Sentencing

Finally, Waiters argues that the District Court erred by refusing to grant him a downward adjustment, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. This argument lacks merit. His appellate waiver only preserved the right to appeal an upward departure. Therefore, Waiters's appeal of his sentence falls within the scope of the appellate waiver and is precluded.

III.

For the reasons stated above, we will affirm the Order and sentence imposed by the District Court.

---

[3] Whether Waiters is eligible for a reduced sentence, based on the retroactive application of the new crack-cocaine sentencing guidelines, is an issue properly addressed, pursuant to 18 U.S.C. § 3582(c), to the District Court. Waiters is not prejudiced should he wish to file a motion, pursuant to 18 U.S.C. § 3582(c)(2), requesting to have his sentence reduced.